FAHAY *vs.* THE STATE.

The omission of a justice of the peace to appoint a guardian *ad litem* for a minor, on the trial of a complaint for drunkenness, can not be taken advantage of in the superior court, on an appeal from a judgment against such minor, by a plea in abatement.

A COMPLAINT was made by a grand-juror of the town of Berlin, to a justice of the peace, charging the plaintiff in error with the crime of drunkenness.

Upon the trial before the justice, the plaintiff was found guilty, and sentenced to pay a fine of twenty dollars and the costs of prosecution. From that judgment he moved an appeal to the superior court, which appeal was allowed by the justice.

In the superior court holden at Hartford on the second Tuesday of March 1856, the plaintiff being found to be a minor, T. E. Doolittle Esq., was appointed his guardian *ad litem*, and then the following plea was interposed.

" State of Connecticut ⎞ HARTFORD COUNTY,
       *vs.*       ⎭
Edward Fahay, ⎠ March Term, 1856."

" Appeal from justice North, on complaint of intoxication."

" The said Edward Fahay comes into court here, and says that the court here ought not to take further cognizance of, or sustain the complaint aforesaid, because he says that at the time he was put to plead tried and fined by the said justice North, as in said record set forth, and at the time of said appeal, he was a minor under the age of twenty-one

years, and he further says, that no guardian *ad litem* to him, was appointed by said justice North at the time of said pleading trial and judgment aforesaid, nor before said appeal, nor at any time during the pending of said cause, before said justice North, and the proceedings therein; all which he is ready to verify. Wherefore he prays judgment that said complaint may abate and be dismissed."

"Edward Fahay,
"By his guardian *ad litem* T. E. Doolittle."

To this plea there was a demurrer, and the superior court adjudged it insufficient.

Final judgment having been rendered against the defendant below, he filed his motion in error, and brought his case before this court assigning for error, "that judgment should have been rendered for the defendant, instead of the state, and the plea in abatement adjudged sufficient in the law."

*Doolittle* for the plaintiff in error.

*Cornwall* for the state.

WAITE, C. J. The only question presented upon the record in the present case, is, whether the superior court erred, in adjudging the plea of the defendant in that court insufficient.

That was a plea in abatement, founded upon the omission of the justice to appoint a guardian to assist the accused in his defense. It alleges that the court ought not to take further cognizance of, or sustain the complaint; and prays that the complaint may abate and be dismissed.

The omission of the justice to make the appointment, was undoubtedly an error, rendering his judgment liable to be set aside upon a writ of error, but affords no ground for dismissing the complaint and setting the accused at liberty.

A minor, as well as an adult, may be prosecuted for a criminal offence, but as the law considers the former incompetent to assert his rights, it makes it the duty of the court, before which the prosecution is carried on, to see that a guardian is appointed to assist the minor in his defense.

Had the accused simply called upon the court to dismiss the appeal, as having been irregularly taken, a decision to that effect, would have left the judgment of the justice in full force until reversed upon a writ of error. But the effect of a judgment abating and dismissing the prosecution, would be to discharge the accused without subjecting him to any punishment, for the offence alleged against him.

As the reasons assigned in the plea for abating the prosecution were insufficient, the demurrer to it on the part of the state was well taken, and the decision of the superior court thereon was right.

In this opinion, the other judges, STORRS and HINMAN, concurred.

Judgment affirmed.